UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JCT DEVELOPMENT CORP.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Cause No. 1:24-cv-00483-HAB-SLC |
| **1 WEST LAFAYETTE, LLC, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

On November 14, 2024, Plaintiff JCT Development Corp., filed a complaint in this Court against Defendants, alleging subject matter jurisdiction under diversity of citizenship, 28 U.S.C. § 1332 . (ECF 1). Subject-matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue sua sponte, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Plaintiff's allegations in the complaint about Defendants'[1] citizenship are inadequate to establish diversity jurisdiction. (*See* ECF 1 ¶¶ 4-9). To begin, the citizenship of a limited liability company (LLC) "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Here, Plaintiff alleges that "Defendant, 1 West Lafayette, LLC . . . is a Delaware Limited Liability Company with its principal place of business [in] . . . Florida" (ECF 1 ¶ 4); that "Defendant, Liv In The Life Beverly Hills LLC, is a California limited company with its principal place of business [in] . . . Florida."(*Id.* ¶ 5); and that "Defendant, Lockwood Asset Man[a]gement, LLC . . . is a Florida limited liability company with its principal place of business [in] . . . Florida." (*Id.* ¶ 6). But this

---

[1] The Defendants are 1 West Lafayette, LLC; Liv in the Life Beverly Hills LLC; Lockwood Asset Management, LLC; Charles Everhardt; and Edward Dovner. *Id.* In this Opinion and Order, they are hereafter known as "Defendants".

information is irrelevant for diversity of citizenship purposes. Instead, the Court must be advised of the identity and citizenship of each member of an LLC for purposes of diversity jurisdiction. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007) ("[A] naked declaration that there is diversity of citizenship is never sufficient."). For any member who is an unincorporated association such as an LLC or partnership, Plaintiff must trace the member's citizenship through all applicable layers of ownership to ensure that no member shares a common citizenship with any Defendant. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Further, Plaintiff alleges[1] in the body of its complaint that "*Defendant*[] Artemis of Naples, LLC is a Florida limited liability company with its principal place of business [in] . . . Florida." (ECF 1 ¶ 9 (emphasis added)). However, this LLC is not included in the caption of the complaint. In the event Plaintiff intends to name this LLC as a defendant, it must promptly file an amended complaint in accordance with Federal Rule of Civil Procedure 15(a) to correct the caption of the complaint. In doing so, Plaintiff must also advise the Court of the identity and citizenship of each member of Artemis of Naples, LLC.

Plaintiff also fails to properly recite the citizenship of the two individual Defendants, alleging that Defendants Charles Everhardt and Edward Dovner each reside in Florida. (ECF 1 ¶¶ 7, 8). But residence may or may not demonstrate citizenship, which depends on domicile— that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856,

---

[1] The Court also takes note that Plaintiff mentions the addresses of North Park Plaza, Inc., and RBC IN Marion Five Point LP—and provides information about their business structures. (*See* ECF 1 ¶¶ 13, 15). However, Plaintiff does not refer to these entities as defendants.

867 (7th Cir. 2012). Accordingly, the Court must be informed of each individual Defendant's domicile.

For these reasons, Plaintiff is AFFORDED to and including December 9, 2024, to file a supplemental jurisdiction statement that adequately alleges Defendants' citizenship. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (stating that the party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the requirement of complete diversity has been met).

SO ORDERED.

Entered this 2nd day of December 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge